IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELVIS MORALES and | : | |
| MARIA DELBREY, | : | |
| Plaintiffs, | : | CIVIL ACTION – LAW |
| | : | |
| vs. | : | |
| | : | NO. |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), by and through its counsel, Law Offices of McDonnell & Associates, PC, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Court of Common Pleas of Philadelphia County, September Term, 2021, No. 01985, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, Defendant avers as follows:

1. Plaintiffs, Elvis Morales and Maria Delbrey, initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about September 27, 2021.  *See* a true and correct copy of the Complaint attached hereto as Exhibit "A."

2. Plaintiff, Elvis Morales (hereinafter "Plaintiff Morales"), alleges personal injury claims while Plaintiff, Maria Delbrey, brings a loss of consortium claim.  *See* Exhibit "A."

3. Specifically, Plaintiffs allege that on or about August 19, 2020, Plaintiff Morales was walking inside the Walmart Store located at 1091 Mill Creek Road, Allentown, PA, when he was struck by a row of shopping carts causing him to suffer personal injuries.  *See*

Exhibit "A;" ¶¶ 5 & 9.

4. According to the Complaint, Plaintiff Morales alleges that he "suffered various serious and permanent personal injuries, which include but are not limited to injuries to his right leg, right ankle, right foot, left leg, left ankle… the full extent of which are not presently known." *See* Exhibit "A," ¶21.

5. In the *ad damnum* clause of their Complaint, Plaintiffs demand judgement against the Defendant in an amount "in excess of Fifty Thousand ($50,000) Dollars."

6. On November 5, 2021, Defendant filed its Answer to Plaintiffs' Complaint with New Matter. *See* Answer to Plaintiffs' Complaint with New Matter attached hereto as Exhibit "B."

7. On or about November 17, 2021, Defendant sent discovery requests directed to Plaintiffs, which included questions about Plaintiff Morales' alleged injuries and treatment.

8. On December 28, 2021, in response to Defendant's discovery requests, Plaintiffs answered interrogatories and produced medical records that indicated Plaintiff Morales underwent a right ankle arthroscopic surgery with synovectomy and lateral ankle stabilization on March 19, 2021. *See* a portion of Plaintiff's Answers to Interrogatories, attached hereto as Exhibit "C."

9. On January 14, 2022, Plaintiffs' counsel filed Plaintiff's Case Management Conference Memorandum. *See* a true and correct copy of the same attached hereto as Exhibit "D."

10. In their Case Management Conference Memorandum, Plaintiff's counsel indicated that Plaintiff's medical bills are an "amount greater than approximately $5,000" and that the "amount will increase since Plaintiff is still treating." Plaintiffs also demanded

$1,000,000 in the memorandum. *See* Exhibit "D."

11. The medical records indicating a surgery was required coupled with the medical bills and demand for $1,000,000 indicates that this matter exceeds the jurisdictional limit.

12. Prior to defense counsel's receipt of Plaintiff's discovery responses and Case Management Memo, Defendant could not reasonably and intelligently have concluded from the Complaint or otherwise that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction in federal court.

13. Under 28 U.S.C. § 1446(b)(3) "except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

14. Additionally, 28 U.S.C. § 1446(c)(3)(A) provides that if the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).[1]

15. Plaintiff's discovery responses and Memorandum constitute an "other paper" from which it may be ascertained that the case is one which is or has become removable. *See Judge v. Phila. Premium Outlets*, No. 10-1553, 2010 U.S. Dist. LEXIS 56762 (E.D. Pa. June 8, 2010) (citations omitted) (citing a party's case management conference memorandum, discovery documents such as deposition transcripts, and correspondences between counsel, all of which

---

[1] This removal was made within 30 days of receipt of the discovery responses, or "other paper," and within 30 days of the receipt of the Case Management Memorandum.

have been accepted as "other paper" sufficient to trigger removal).

16. Therefore, the discovery responses referenced above are considered an "other paper," and the amount in controversy exceeds the jurisdictional limit.

17. Furthermore, Plaintiffs are diverse from the Defendant.

18. Removal is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

19. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

### A. **PLAINTIFFS ARE DIVERSE FROM THE DEFENDANT IN THIS MATTER**

20. The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

21. Plaintiffs allege that they are residents and citizens of the Commonwealth of Pennsylvania, residing at 2451 Levans Road, Coplay, Pennsylvania. *See* Exhibit "A," ¶1-2.

22. Defendant, Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal business located in Bentonville, Arkansas.

23. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both

Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly owned by a Delaware corporation (WMI).

24. Accordingly, for the purposes of diversity of citizenship, Defendant Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas.

25. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

26. Accordingly, as Plaintiffs are diverse from Defendant, the requirements for removal based on diversity of citizenship are satisfied.

B. **PLAINTIFFS' RESPONSE TO DEFENDANT'S DISCOVERY REQUESTS PROVIDES A GOOD FAITH BASIS THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL LIMIT.**

27. As set forth above, Plaintiffs' Complaint alleges that Plaintiff Morales sustained injuries to his right leg, right ankle, right foot, left leg, left ankle.

28. Plaintiffs' Complaint does not provide any further specificity regarding the injuries or what kind or type of treatment was required.

29. The Complaint alleges no facts to indicate the magnitude of the medical treatment required and/or the magnitude of any loss of earnings and/or earning capacity.

30. Plaintiff's discovery responses, which revealed a right ankle arthroscopic surgery, coupled with Plaintiff's one million dollar demand in his Case Management Memorandum, form the first good faith basis for believing that this matter is valued over $75,000.

31.     "When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy, which is measured by a reasonable reading of the value of the rights being litigated." *Bishop v. Sam's East, Inc.*, 2009 U.S. Dist. LEXIS 53082, 2009 WL 1795316 (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145-146 (3d Cir. 1993)).

32.     Here, similar to *Bishop v. Sam's East, Inc.*, the Complaint listed Plaintiff's lower extremity injuries, but did not mention specifics such as surgery or medical bills that would have allowed an objective calculation of damages. *See* Exhibit A ¶21.

33.     The *Bishop* Court held that a Complaint with vague allegations of damages did not place Defendants on notice of an amount in controversy over $75,000.

34.     In this case, the language contained in the Complaint regarding Plaintiff's injuries did not clearly and unequivocally establish that the amount tin controversy exceeded the jurisdictional minimum.

35.     Further, in this case, Plaintiff's discovery responses in combination with Plaintiff's Case Management Memo demanding one million dollars.

36.     Both discovery responses and a Case Management Memo can constitute an "other paper" from which it may be ascertained that the case is one which is or has become removable. *See Judge v. Phila. Premium Outlets*, No. 10-1553, 2010 U.S. Dist. LEXIS 56762 (E.D. Pa. June 8, 2010).

37.     Here, the records evidencing an arthroscopic surgery in combination with a one-million-dollar demand establishes that the amount in controversy exceeds the jurisdictional minimum.

38.      Removal from the Philadelphia County Court of Common Pleas is proper under

28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

39. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

40. Defendant has a good faith belief, and therefore submits that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

41. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

42. This Notice of Removal is timely as it is being filed within thirty days of service of Plaintiff's discovery responses and Plaintiff's Memorandum, which constitute the "other papers" from which it could determined that the case was removable.

43. Pursuant to 28 U.S.C. 1446(a), copies of the pleadings and orders served upon Defendants are attached hereto as Exhibits A, B, and E.

**WHEREFORE**, Defendant, Walmart Stores East, LP, respectfully requests that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, PC**

Date: January 27, 2022

      /s/ Elisa M. Boody
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Elisa M. Boody, Esquire
Attorney I.D. No. 319283
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELVIS MORALES and | : | |
| MARIA DELBREY, | : | |
| Plaintiffs, | : | CIVIL ACTION – LAW |
| | : | |
| vs. | : | |
| | : | NO. |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

    I, Elisa M. Boody, Esquire hereby certify that on January 27, 2022, a true and correct copy Defendant's Notice of Removal was served via email upon the following:

Valerie A. Pedicone, Esquire
SPIVACK & SPIVACK
1528 Walnut Street, Suite 710
Philadelphia, PA
Email: vapedicone@spivackandspivack.com
*Counsel for Plaintiff*

**McDONNELL & ASSOCIATES, PC**

Date: January 27, 2021

         */s/ Elisa M. Boody*
Elisa M. Boody, Esquire
*Attorneys for Defendant*