# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2021**  **001985**
E-Filing Number: 2109048105

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> ELVIS MORALES | **DEFENDANT'S NAME** <br> WAL-MART STORES EAST, LP C/O C T CORPORATION SYSTEM |
| **PLAINTIFF'S ADDRESS** <br> 2451 LEVANS ROAD <br> COPLAY PA 18037 | **DEFENDANT'S ADDRESS** <br> 600 NORTH 2ND STREET SUITE 401 <br> HARRISBURG PA 17109 |
| **PLAINTIFF'S NAME** <br> MARIA DELBREY | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** <br> 2451 LEVANS ROAD <br> COPLAY PA 18037 | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
SEP 27 2021
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ELVIS MORALES , MARIA DELBREY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> VALERIE A. PEDICONE | ADDRESS <br> SPIVACK &SPIVACK, LLC <br> 1528 WALNUT STREET <br> SUITE 710 <br> PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER: (215)546-0005  FAX NUMBER: (215)546-5269 | |
| SUPREME COURT IDENTIFICATION NO. <br> 90482 | E-MAIL ADDRESS <br> vapedicone@spivackandspivack.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> VALERIE PEDICONE | DATE SUBMITTED <br> Monday, September 27, 2021, 12:04 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SPIVACK & SPIVACK, LLC**
Valerie A. Pedicone, Esquire
Identification No. 90482
1528 Walnut Street, Suite 710
Philadelphia, PA  19102
Phone: (215) 546-0005
Fax: (215) 546-5269
E-mail: vapedicone@spivackandspivack.com



*Filed and Attested by the Office of Judicial Records 27 SEP 2021 12:04 pm S. RICE*

**Attorney for Plaintiffs**

| | |
|---|---|
| ELVIS MORALES<br>2451 Levans Road<br>Coplay, Pennsylvania 18037<br>    and<br>MARIA DELBREY<br>2451 Levans Road<br>Coplay, Pennsylvania 18037<br><br>        v.<br><br>WAL-MART STORES EAST, LP<br>c/o C T Corporation System<br>600 North 2nd Street, Suite 401<br>Harrisburg, Pennsylvania 17109 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM, 2021<br>NO.: |

## CIVIL ACTION COMPLAINT – PREMISES LIABILITY – 2S

1

Case ID: 210901985

| NOTICE TO DEFEND | AVISO |
|---|---|
| You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your Defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demand. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| THE PHILADELPHIA COUNTY BAR ASSOCIATION<br>Lawyer's Referral & Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania<br>(215) 238-6300<br>TTY (215) 451-6197 | ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E. Informacion Legal<br>1101 Market Street, 11th Floor<br>Filadelfia, PA 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

**SPIVACK & SPIVACK, LLC**
Valerie A. Pedicone, Esquire
Identification No. 90482
1528 Walnut Street, Suite 710
Philadelphia, PA  19102
Phone: (215) 546-0005
Fax: (215) 546-5269
E-mail: vapedicone@spivackandspivack.com

**Attorney for Plaintiffs**

| | | |
|---|---|---|
| ELVIS MORALES | : | IN THE COURT OF COMMON PLEAS |
| 2451 Levans Road | : | PHILADELPHIA COUNTY |
| Coplay, Pennsylvania 18037 | : | |
| and | : | SEPTEMBER TERM, 2021 |
| MARIA DELBREY | : | NO.: |
| 2451 Levans Road | : | |
| Coplay, Pennsylvania 18037 | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| c/o C T Corporation System | : | |
| 600 North 2nd Street, Suite 401 | : | |
| Harrisburg, Pennsylvania 17109 | : | |
| | : | |

## PLAINTIFFS' COMPLAINT

1. Plaintiff, Elvis Morales, is a resident and citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

2. Plaintiff, Maria Delbrey, is a resident and citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

3. Plaintiffs, Elvis Morales and Maria Delbrey, are married as husband and wife, respectively.

4. Plaintiffs named in paragraphs one (1) through three (3) may be referred to as "Plaintiff" and/or "Plaintiffs" for the entirety of this Complaint.

1

Case ID: 210901985

5. Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart" or "Defendant"), is a business entity registered to do business in the Commonwealth of Pennsylvania, with a DOS process address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, custody, control and safety of the Walmart Supercenter located at 1091 Mill Creek Road, Allentown, Pennsylvania 18106 (hereinafter "the premises").

6. Upon information and belief, it is believed and averred that Defendant regularly conducts business in Philadelphia County, including owning, managing, operating and/or controlling other business properties all through Philadelphia County including a usual place of business located at 1675 South Columbus Boulevard, Philadelphia, Pennsylvania 19148.

7. Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant, either individually and/or by and through its agents, servants, franchisees, lessors, lessees, work-persons, contractors, and/or employees, were responsible for the maintenance, improvements, repair care, custody, control and upkeep of the premises.

8. Upon information and belief, it is believed and therefore averred that, at all relevant times, Plaintiff, Elvis Morales, was a business invitee, licensee, and/or otherwise legally on the premises.

9. On Wednesday, August 19, 2020, in the morning, Plaintiff, Elvis Morales, was walking inside the premises, when he was struck by a row of shopping carts that were negligently and/or carelessly pushed by a Wal-Mart employee, causing Plaintiff, Elvis Morales, to suffer serious and permanent personal injuries on account of which this action is brought.

Case ID: 210901985

10. Upon information and belief, it is believed and therefore averred that the Defendant is vicariously liable for the actions or inactions of its agents, servants, contractors, work-persons, and/or employees under the doctrine of *respondeat superior.*

11. At or about the same date, time, and place in question, and for some period of time prior thereto, Defendant, acting individually, and/or by and through its agents, servants, contractors, work-persons, and/or employees, negligently and/or carelessly allowed and permitted unreasonable, dangerous, and hazardous conditions to exist, including but not limited to, the conditions which directly resulted in Plaintiff, Elvis Morales's injuries.

12. At or about the same date, time, and place, Defendant, negligently and/or carelessly controlled and maintained the premises, allowing the area to become, and remain in, a significantly unreasonable, dangerous, and hazardous condition in that it allowed the row of shopping carts to remain where patrons are constantly walking, making the area dangerous for Plaintiff, Elvis Morales, and other individuals.

13. Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant breached the duty of care owed to Plaintiff, Elvis Morales, when it failed to exercise reasonable care in transporting and/or conveying row of shopping carts on the premises, or when it failed to disclose to Plaintiff, Elvis Morales, the unreasonable risk of harm he encountered on the premises.

Case ID: 210901985

14.     Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant knew or should have known of the unreasonable, dangerous, and hazardous condition and should have realized that transporting and/or conveying a row of shopping carts is a hazard and created an unreasonable risk of harm, and it should have expected that business invitees such as Plaintiff, Elvis Morales, would not have discovered, realized and/or appreciated such an unreasonable, dangerous, and hazardous condition.

15.     Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant failed to exercise reasonable care to make the unreasonable, dangerous, and hazardous condition safe and/or to warn Plaintiff, Elvis Morales, of the danger and the risk involved with the transport and/or conveyance of row of shopping carts on its premises thereby making the condition unreasonable, dangerous, and hazardous.

16.     The conduct of Plaintiff, Elvis Morales, was not the proximate or legal cause of the unreasonable, dangerous, and hazardous condition on the premises and/or of the injuries he sustained as a result of this incident.

17.     Plaintiffs at all times relevant hereto, were acting reasonably and with due care under the circumstances.

## COUNT I

### Elvis Morales v. Wal-Mart Stores East, LP

### Negligence–Personal Injury

18.     Plaintiffs hereby incorporate by reference the prior paragraphs of Plaintiffs' Complaint as though the same were set forth more fully at length herein.

Case ID: 210901985

19. Upon information and belief and subject to discovery, it is believed and therefore averred that the carelessness and negligence of Defendant, Wal-Mart, acting individually, and/or by and through its agents, servants, contractors, franchisees, work-persons, and/or employees, consisted, *inter alia,* of the following:

    a. failure to safely and properly maintain inside the premises as well as the row of shopping carts inside the premises;

    b. failure to regard the rights, safety and position of the Plaintiff, Elvis Morales, who was a business invitee at the premises;

    c. failure to reasonably inspect the aisles inside the premises to assure that the walkways were safe and free from any hazards for its business invitees;

    d. failure to reasonably inspect the shopping carts inside the premises to assure that it was safely and properly stored in order to prevent its business invitees from suffering injuries;

    e. failure to reasonably maintain the walkways inside the premises to assure the operation of the retail store was safe for walking and shopping for its business invitees;

    f. failure to reasonable maintain the shopping carts inside the premises to assure that there were no potential hazards in its walkways for its business invitees while shopping;

    g. failure to properly and safely store, transport and/or convey the shopping carts in a manner to keep its business invitees free from any anticipated dangers while shopping;

    h. failure to safely operate the shopping carts inside the walkways of the premises to assure that the premises is a safe environment for its business invitees so that while shopping they can be protected from any unforeseen harm or dangerous conditions that they cannot appreciate;

    i. failure to warn of the dangerous condition of transporting and/or conveying shopping carts in the walkways for its business invitees to be able to appreciate the hazardous condition;

    j. failure to warn of the aforesaid dangerous condition when Defendant knew or should have known that a row of shopping carts is a hazard for its business invitees;

Case ID: 210901985

k. failure to follow written, verbal and/or oral protocol, policies and procedures regarding how to properly and safely maintain the walkways and shopping carts in the premises as to create a safe environment for its business invitees;

l. failure to prevent, remedy, detect, inspect, cure, remove and/or warn of the aforesaid dangerous condition of a set of row of shopping carts in a walkway which Defendant improperly permitted to exist inside the premises as a hazard and remain inside the premises for an unreasonable amount of time;

m. failure to prevent, remedy, detect, inspect, cure, remove and/or warn of the shopping carts as to cause an unreasonable risk of harm to business invitees such as Plaintiff, Elvis Morales;

n. failure to warn as to the existence of the reasonably foreseeable, the defective, dangerous, hazardous and unsafe condition of the row of shopping carts of the premises giving rise to the instant action;

o. failure to exercise the proper care, custody and control over the premises in manner to keep the premises free from any hazards; and

p. failing to properly and adequately maintain the premises from any hazardous conditions thereby violating its highest duty of care Defendant owed to its business invitees, such as Plaintiff, Elvis Morales.

20. Upon information and belief, it is believed and therefore averred that Defendant, Wal-Mart, had notice and/or knew or should have known that the hazardous and/or dangerous condition existed inside the premises prior to this incident.

21. Upon information and belief, it is believed and therefore averred that as a direct and consequential result of the negligent and careless conduct of Defendant, Plaintiff, Elvis Morales, suffered various serious and permanent personal injuries, which include but are not limited to injuries to his right leg, right ankle, right foot, left leg, left ankle, as well as other symptoms and injuries to his body, the full extent of which are not presently known.

Case ID: 210901985

22. Upon information and belief, and subject to discovery, it is believed and therefore averred that as a result of these injuries, all of which are permanent in nature and which are to Plaintiff's great financial detriment and loss, Plaintiff, Elvis Morales, has in the past suffered, is presently suffering, and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite period of time.

23. As an additional result of the carelessness and negligence of Defendant, Plaintiff, Elvis Morales, has suffered emotional injuries, along with the physical injuries suffered.

24. As a further result of Plaintiff's injuries, Plaintiff, Elvis Morales, has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's future loss and detriment.

25. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Elvis Morales, Plaintiff has also incurred, is incurring, and/or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiffs, Elvis Morales and Maria Delbrey, demand judgment in their favor and against Defendant, Wal-Mart Stores East, LP, for compensatory damages, in an amount in excess of $50,000.00 together with all lawful interests, fees, costs, and such other relief as the Court deems equitable, just, and proper.

## COUNT II

### Elvis Morales v. Wal-Mart Stores East, LP

### Negligent Hiring, Selection, and Retention of Agents and/or Employees and/or Contractors

26. Plaintiffs hereby incorporate by reference the prior paragraphs of Plaintiffs' Complaint as though the same were set forth more fully at length herein.

Case ID: 210901985

27. It is believed and therefore averred that, at all times material hereto, Defendant, individually and/or through its agents, selected, hired, contracted, controlled, and/or retained individuals and/or entities, whose identities have not yet been revealed to Plaintiff, Elvis Morales,, with the explicit purpose to maintain, design, construct, inspect, transport, convey, or otherwise remove the inconspicuous and hazardous row of shopping carts from the shopping walkways.

28. It is believed and therefore averred that, at all times material hereto, Defendant, individually and/or through its agents, controlled the means and manner that Defendant's agents, servants, contractors, work-persons, and/or employees failed to maintain and/or inspect the premises.

29. It is believed and therefore averred that, at all times material hereto, Defendant, individually and/or through its agents, negligently acted and/or failed to act through its respective agents, servants, contractors, work-persons, and/or employees, and such acts or failures to act were within the course and scope of Defendant's business and were under Defendant's control and direction, and were taken with Defendant's authority.

30. It is believed and therefore averred that, at all times material hereto, Defendant, individually and/or through its agents, had either actual or constructive knowledge of the dangerous and/or hazardous condition in the premises which existed therein at the relevant time.

31. It is believed and therefore averred that, despite the obligations, duties, and responsibilities of the Defendant, Defendant negligently hired, retained, contracted, employed, selected, and/or controlled, incompetent and unskilled individuals and/or entities to perform the maintenance, design, inspection, or other manner of service inside the premises in keeping the premises safe and free from hidden dangers as well as any hazardous conditions.

Case ID: 210901985

32. It is believed and therefore averred that Defendant, individually and/or through its agents, are responsible for the negligent actions or inactions of its agents, servants, contractors, work-persons, and/or employees.

33. It is believed and therefore averred that Defendant, individually and/or through its agents, are responsible for ensuring the proper non-negligent selection, hiring, and supervision of its agents, servants, contractors, work-persons, and/or employees.

34. It is believed and therefore averred that Defendant, individually and/or through its agents, failed to utilize due care to secure a competent contractor, agent, servant, work person, and/or employee to repair, maintain, design, construct, inspect, or otherwise service the retail store despite having actual and/or constructive knowledge of the improper maintenance of safely and properly handling shopping carts in walkways where business invitees are constantly traversing.

35. It is believed and therefore averred that Defendant, individually and/or through its agents, servants, contractors, work-persons, and/or employees, knew or should have known that its failure to select a competent and careful agent, servant, contractor, work-person, and/or employee to repair, maintain, design, construct, inspect, or otherwise service the dangerous and defective condition and to perform and satisfy the Defendant's aforementioned duties would result in a risk of physical harm to third persons.

36. It is believed and therefore averred that Defendant, individually and/or through its agents, servants, contractors, work-persons, and/or employees failed to select, retain, contract, hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal characteristics, and available equipment in order to do the work they were hired to do without creating an unreasonable risk of injury to others.

Case ID: 210901985

37. It is believed and therefore averred that the carelessness and negligence of the Defendant, whether acting individually and/or by and through its agents, servants, contractors, work-persons, and/or employees, consisted, *inter alia*, of the following:

    a. failing to properly and adequately supervise its agents, servants, contractors, work-persons, and/or employees with regard to the repairs, maintenance, design, construction, inspection, or other service of the premises, specifically the walkways and shopping carts therein;

    b. failing to adequately inspect the premises for dangerous and hazardous conditions;

    c. failing to ensure that the repairs, maintenance, design, construction, inspection, or other service of the premises was done properly and safely as to prevent hazards such the incident that gives rise to the above captioned matter;

    d. failing to provide the proper directives, materials, instructions, or orders for the proper and safe repairs, maintenance, design, construction, inspection, or other service pertaining to the safety within the premises;

    e. allowing unskilled, unqualified, and untrained individuals and/or entities to perform repairs, maintenance, design, construction, inspection, or other service of the retail store's policies and procedures pertaining to conveying and/or transporting shopping carts safely;

    f. failing to provide for or ensure the use of proper safety precautions which would have protected Plaintiff, Elvis Morales, from the unreasonable and particular risk of harm which was either known and recognized, or should have been known and recognized, by Defendant as being created or likely to be created by the failure to maintain the both the shopping carts and walkways within the premises;

    g. failing to properly and safely maintain the shopping carts and walkways within the retail store;

    h. failing to train its agents, servants, contractors, work-persons, and/or employees properly;

    i. failing to hire competent agents, servants, contractors, work-persons, and/or employees;

Case ID: 210901985

j. failing to use due care in investigating and selecting agents, servants, contractors, work-persons, and/or employees to perform repairs, maintenance, design, construction, inspection, or other service pertaining to the shopping carts and walkways safety and properly within the premises;

k. breaching its duties under the Restatement (Second) of Torts including Section 343 and Section 318;

l. failing to warn Plaintiff, Elvis Morales, of its failure to investigate and select competent agents, servants, contractors, work-persons, and/or employees;

m. failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and plans;

n. exposing Plaintiff, Elvis Morales, to unreasonable danger by failing to use or provide adequate tools, materials, and equipment to repair and/or remedy the dangerous and/or hazardous condition;

o. failing to supervise and inspect the repairs, maintenance, design, construction, inspection, or other service within the premises;

p. failing to ensure that the walkways and shopping carts were properly and safely maintained as so it did not constitute a hazard; and

q. hiring, selecting, and/or retaining incompetent and/or unskilled agents, servants, contractors, work-persons, and/or employees.

38. It is believed and therefore averred that, Defendant, individually and/or through its agents, actions or failures to act as set forth above were the factual and proximate cause of Plaintiff, Elvis Morales's substantial and severe injuries and damages including, but not limited to, severe physical pain and suffering, discomfort, disfigurement, mental anguish, severe emotional distress, loss of earnings and earning capacity, substantial past and future medical expenses, and a significant loss of life's pleasures as set forth more fully herein.

**WHEREFORE**, Plaintiffs, Elvis Morales and Maria Delbrey, demand judgment in their favor and against Defendant, Wal-Mart Stores East, LP, for compensatory damages, in an amount in excess of $50,000.00 together with all lawful interests, fees, costs, and such other relief as the Court deems equitable, just, and proper.

11

Case ID: 210901985

### COUNT III

### Maria Delbrey v. Wal-Mart Stores East, LP

### Loss of Consortium

39. Plaintiffs hereby incorporate by reference the prior paragraphs of Plaintiffs' Complaint as though the same were set forth more fully at length herein.

40. Due to the negligence and/or carelessness of Defendant, Plaintiff, Maria Delbrey, has been and, may in the future continue to be, deprived of the consortium, assistance, companionship and useful services of her husband, Plaintiff, Elvis Morales.

41. Plaintiff, Maria Delbrey, has been required to provide special services and care for her husband, Plaintiff, Elvis Morales.

42. Plaintiff, Maria Delbrey, has in the past, is presently, and will in the future be caused to expend sums of money for medical treatment for her husband, Plaintiff, Elvis Morales, all of which may continue for an indefinite time into the future and all of which has been to her financial damage and loss.

**WHEREFORE**, Plaintiffs, Elvis Morales and Maria Delbrey, demand judgment in their favor and against Defendant, Wal-Mart Stores East, LP, for compensatory damages, in an amount in excess of $50,000.00 together with all lawful interests, fees, costs, and such other relief as the Court deems equitable, just, and proper.

Respectfully Submitted,

SPIVACK & SPIVACK, LLC

BY: *Valerie A. Pedicone*
VALERIE A. PEDICONE, ESQUIRE
Attorney for Plaintiffs, Elvis Morales and
Maria Delbrey

Case ID: 210901985

## VERIFICATION

The undersigned hereby verifies that the facts contained in the foregoing document are true based on first hand information and on information furnished to counsel and obtained in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This Certification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____